## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE POLICE & FIRE RETIREMENT SYSTEM CITY OF DETROIT, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>ARGO GROUP INTERNATIONAL HOLDINGS, LTD., THOMAS A. BRADLEY, SCOTT KIRK, KEVIN J. REHNBERG, MARK E. WATSON, III, and JAY S. BULLOCK,<br><br>                Defendants. | Civil Action No.: 1:22-cv-08971<br><br>The Honorable Lewis A. Kaplan<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE POLICE & FIRE RETIREMENT SYSTEM CITY OF DETROIT AND OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD <u>PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## <u>TABLE OF CONTENTS</u>

I.      PRELIMINARY STATEMENT ........................................................................................... 1

II.     BACKGROUND ............................................................................................................... 2

III.    ARGUMENT  ................................................................................................................... 4

     A.    THE RETIREMENT FUNDS' MOTION IS TIMELY ........................................................ 4

     B.    THE RETIREMENT FUNDS ARE THE PRESUMPTIVE LEAD PLAINTIFF
           AND THUS SHOULD BE APPOINTED LEAD PLAINTIFF ................................................ 5

           1.    The Retirement Funds Have the Largest Financial
                  Interest of Any Lead Plaintiff Movant ............................................................ 5

           2.    The Retirement Funds Satisfy Rule 23's Typicality and Adequacy
                  Requirements .................................................................................................. 7

                 a.   The Retirement Funds' Claims Are Typical ............................................ 8

                 b.   The Retirement Funds Will Fairly and Adequately
                      Protect the Interests of the Class ............................................................ 8

                 c.   The Retirement Funds Are the Type of Lead Plaintiff
                      Envisioned by the PSLRA .......................................................................... 9

     C.    THE RETIREMENT FUNDS ARE AN APPROPRIATE "GROUP OF PERSONS"
           UNDER THE PSLRA ................................................................................................ 10

IV.    THE COURT SHOULD APPROVE THE RETIREMENT FUNDS'
       SELECTION OF COUNSEL ............................................................................................ 11

V.     CONCLUSION ................................................................................................................ 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Baron v. Talkspace, Inc.*,
   2022 WL 1912255 (S.D.N.Y. June 3, 2022) ........................................................................10

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ........................................................................9

*In re Braskem S.A. Sec. Litig.*,
   2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015).........................................................................6

*Canson v. WebMD Health Corp.*,
   2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011).........................................................................7

*Crass v. Yalla Grp. Ltd.*,
   2021 WL 5181008 (S.D.N.Y. Nov. 8, 2021).......................................................................10

*In re Facebook IPO Sec. and Deriv. Litig.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................6

*Francisco v. Abengoa, S.A.*,
   2016 WL 3004664 (S.D.N.Y. May 24, 2016) .......................................................................6

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ..........................................................................................6

*In re Global Crossing, Ltd. Sec. Litig.*,
   No. 02-cv-910 (S.D.N.Y.)....................................................................................................12

*In re GM Corp. Sec. Litig.*,
   MDL No. 1749 (E.D. Mich.) ...............................................................................................12

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015)...................................................................................8

*Lax v. First Merchs. Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .........................................................................6

*Logan v. ProPetro Holding Corp. et al*,
   No. 7:19-cv-00217 (W.D. Tex.)...........................................................................................11

*In re Marsh & McLennan Cos. Sec. Litig.*,
   MDL No. 1744 (S.D.N.Y.) ..................................................................................................12

*In re Millennial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015).........................................................................10

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017).......................................................4, 5

*In re Orion Sec. Litig.*,
   2008 WL 2811358 (S.D.N.Y. July 8, 2008) .............................................................6

*In re Oxford Health Plans, Inc., Sec. Litig.*,
   MDL No. 1222 (S.D.N.Y.) ......................................................................................12

*Perez v. HEXO Corp.*,
   2020 WL 905753 (S.D.N.Y. Feb. 25, 2020)...........................................................10

*Peters v. Jinkosolar Holding Co., Ltd.*,
   2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ..........................................................10

*In re Pfizer Inc. Sec. Litig.*,
   No. 1:04-cv-9866 (S.D.N.Y.)...................................................................................12

*Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*,
   275 F.R.D. 187 (S.D.N.Y. 2011) ...............................................................................7

*In re Refco, Inc., Sec. Litig.*,
   No. 05-cv-8626 (S.D.N.Y.).......................................................................................12

*Richman v. Goldman Sachs Grp., Inc.*,
   274 F.R.D. 473 (S.D.N.Y. 2011) ...........................................................................5, 7

*In re Safety-Kleen Corp. Bondholders Litig.*,
   No. 00-cv-1145-17 (D.S.C.) ....................................................................................12

*In re Sequans Commc'ns S.A. Sec. Litig.*,
   289 F. Supp. 3d 416 (E.D.N.Y. 2018) .....................................................................11

*Silverberg v. DryShips Inc.*,
   2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018).........................................................6

*In re Tyco Int'l Ltd. Sec. Litig.*,
   No. 02-cv-1335 (D.N.H.)..........................................................................................12

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)......................................................................11

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ...............................................................................8

**Statutes**

15 U.S.C. § 78u-4(a)(3) ........................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................... *passim*

H.R. Rep. No. 104-369 (1995) ...................................................................9

S. Rep. No. 104-98 (1995) ........................................................................9

The Police & Fire Retirement System City of Detroit ("Detroit P&F"), and Oklahoma Law Enforcement Retirement System ("OLERS") (together, the "Retirement Funds") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D of the Securities Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (i) appointing the Retirement Funds as Lead Plaintiff in the class action pending against Argo Group International Holdings, Ltd. ("Argo"), Thomas A. Bradley ("Bradley"), Scott Kirk ("Kirk"), Kevin J. Rehnberg ("Rehnberg"), Mark E. Watson, III ("Watson"), and Jay S. Bullock ("Bullock," and, together with Argo, Bradley, Kirk, Rehnberg, and Watson, "Defendants"); (ii) approving their selection of Grant & Eisenhofer P.A. ("G&E") as Lead Counsel for the class; and (iii) granting such other and further relief as the Court may deem just and proper.

## I.      PRELIMINARY STATEMENT

The above-captioned case is a putative securities class action (the "Action") which asserts claims under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), against Defendants.  These claims are asserted on behalf of all persons and entities, other than Defendants, who purchased or otherwise acquired Argo common stock between February 13, 2018 and August 9, 2022, both dates inclusive (the "Class Period").

Pursuant to the PSLRA, the Court shall appoint the "most adequate plaintiff" to serve as lead plaintiff.  15 U.S.C. § 78u-4 (a)(3)(B)(i).  The "most adequate plaintiff" is the "person or group of persons" with the "largest financial interest in the relief sought by the class" who can make a *prima facie* showing of satisfying the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *Id.* at §78u-4(a)(3)(B)(iii)(I).  Here, the Retirement Funds are the "most adequate plaintiff" because they have, among other things, collectively incurred losses of nearly $900,000 as calculated on a last-in, first-out ("LIFO") basis

stemming from their combined purchases of 54,596 shares of Argo common stock during the Class Period. The Retirement Funds' PSLRA-required Certifications, and charts setting forth calculations of their losses, are provided as exhibits to the Declaration of Daniel L. Berger in Support of the Retirement Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Berger Decl."). *See* Berger Decl. Exs. A-D.

The Retirement Funds also satisfy the relevant requirements of Rule 23. The Retirement Funds' claims are typical of those of the Class and they will fairly and adequately represent the interests of the Class. The Retirement Funds are sophisticated institutional investors with a significant financial interest in the litigation and substantial experience supervising outside counsel in class actions. The Retirement Funds fully understand a lead plaintiff's obligations to a class under the PSLRA and are committed to undertaking those responsibilities to ensure the vigorous prosecution of this litigation. *See* Berger Decl., Exs. A (Detroit P&F Certification), C (OLERS Certification), E (Joint Declaration of David Cetlinski and Duane Michael).

The Retirement Funds' selection of G&E as Lead Counsel for the putative Class also underscores their adequacy to represent the Class. G&E is a nationally recognized securities class action litigation firm that has recovered billions of dollars for the benefit of defrauded investors, and it is eminently qualified to prosecute this case. For these reasons and the reasons enumerated below, the Retirement Funds respectfully request that this Court grant their motion for appointment as Lead Plaintiff and approve their selection of counsel as Lead Counsel for the Class.

## II.    BACKGROUND

Defendant Argo is a Bermuda-based international underwriter of specialty insurance products in the property and casualty market. ECF No. 1 at ¶ 15 ("Complaint"). Defendant Bradley has served as Argo's Chief Executive Officer ("CEO") since March 7, 2022 and as Chairman of the Board of Directors since February 18, 2020. *Id*. at ¶ 16. Defendant Kirk has

served as Argo's Chief Financial Officer ("CFO") since March 1, 2021.  *Id*. at ¶ 17.  Defendant

Rehnberg formerly served as Argo's CEO, President, and Director until June 23, 2022.  *Id*. at ¶

18.  Defendant Watson formerly served as Argo's CEO until November 5, 2019 and as a Director

until December 20, 2019.  *Id*. at ¶ 19.  Defendant Bullock formerly served as Argo's CFO until

March 1, 2021.  Complaint at ¶ 20.

The Complaint alleges that throughout the Class Period, Defendants made false and

misleading statements regarding Argo's underwriting policies and ability to set adequate reserves.

*Id*. at ¶¶ 4–7, 25–59.  Defendants' false and misleading statements artificially inflated Argo's stock

price.  *Id*. at ¶ 82.  In particular, Defendants concealed that: (i) Argo's reserves were wholly

inadequate and its underwriting standards were not prudent as represented; (ii) Argo had

dramatically changed its underwriting policies on certain U.S. construction contracts as far back

as 2018; and (iii) Argo's policies were underwritten outside of its "core" business including in

certain states and for certain exposures that were far riskier than represented to investors and that

Argo no longer would service moving forward.  *Id.* at ¶ 6.

On February 8, 2022, Argo issued a press release announcing that its fourth quarter results

for 2021 would be negatively impacted by $130 to $140 million worth of adverse prior year reserve

development and non-operating charges.  *Id.* at ¶ 60.  Argo announced additional non-operating

charges of $60 to $70 million resulting in part from its "ongoing strategic review."  Complaint at

¶ 60.  Consequently, the price of Argo's common stock fell $7.11 per share, or 13.7%, to close at

$44.76 per share on February 9, 2022.  *Id.* at ¶ 62.  On February 10, 2022, the stock declined to

$42.82 per share, for a two-day drop of $9.05 per share, or 17.5%, wiping out over $315 million

in market capitalization.  *Id*.

Further, on August 8, 2022, Argo announced that it had entered into a Loss Portfolio Transfer ("LPT") agreement with a wholly owned subsidiary of Enstar Group Limited covering a majority of the company's U.S. casualty insurance reserves under which Argo would retain a loss corridor of $75 million up to $821 million.  *Id.* at ¶ 67.  Argo announced that it anticipated recognizing an after-tax charge of approximately $100 million in connection with the LPT in the third quarter of 2022.  *Id*.

On this news, the price of Argo's common stock declined $9.12 per share, or 28.3%, from an August 8, 2022 closing price of $32.22 to close at $23.10 per share on August 10, 2022, causing Argo's market capitalization to fall another $320 million.  Complaint at ¶ 71.  Argo's stock price had declined more than 60% at the time the Complaint was filed, trading near its 52-week low.  *Id*. As a result, the Retirement Funds and the Class have been damaged by Defendants' violations of the U.S. securities laws.

## III.    ARGUMENT

Pursuant to the PSLRA, the Court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons that: (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 . . . ."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017).  Because the Retirement Funds meet these requirements, they should be appointed Lead Plaintiff.

### A.    THE RETIREMENT FUNDS' MOTION IS TIMELY

Any member of a purported class may move for appointment as lead plaintiff within sixty days of the publication of notice regarding the filing of the action.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  On October 20, 2022, Detroit P&F filed this Action.  The next day, G&E

published a notice on Business Wire alerting investors to the pendency of the action and that the deadline to seek lead plaintiff status was December 19, 2022.  *See* Berger Decl. Ex. F (PSLRA Notice).  Accordingly, the Retirement Funds have timely moved for appointment as Lead Plaintiff through the filing of this motion.

     **B.**     **THE RETIREMENT FUNDS ARE THE PRESUMPTIVE LEAD PLAINTIFF AND THUS SHOULD BE APPOINTED LEAD PLAINTIFF**

The Retirement Funds should be appointed Lead Plaintiff because they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" with the "largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Nurlybaev*, 2017 WL 5256769, at *1.  Here, the Retirement Funds are the "most adequate plaintiff" because they have the largest financial interest, meet the typicality and adequacy requirements of Rule 23, and are sophisticated institutional investors with substantial lead plaintiff experience that currently manage and oversee more than $4 billion in assets combined.  For these reasons and the reasons set forth below, the Retirement Funds are the most adequate plaintiff.

     **1.**     **The Retirement Funds Have the Largest Financial Interest of Any Lead Plaintiff Movant**

The Retirement Funds presumptively have the "largest financial interest in the relief sought by the class" and therefore should be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, determining which movant possesses the "largest financial interest in the relief sought by the class" is the most significant factor in determining who is the "most adequate" lead plaintiff.  *Id.* § 77z-1(a)(3)(B)(iii)(I); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011).  As evidenced in its PSLRA Certification and loss charts, Detroit P&F purchased 25,939 shares of Argo common stock and suffered almost $400,000 in LIFO losses as a result of

purchasing that stock at prices inflated by Defendants' false and misleading statements.  *See* Berger Decl. Exs. A, B (demonstrating the LIFO calculations of Detroit P&F's losses).  Likewise, OLERS purchased 28,657 shares of Argo common stock and suffered more than half a million dollars in LIFO losses.  *See Id.* Exs. C, D (demonstrating the LIFO calculations of OLERS's losses).  Together, the Retirement Funds purchased 54,596 shares of Argo common stock and suffered close to $900,000 in losses, calculated on a LIFO basis, due to Defendants' actions.  To the best of the Retirement Funds' knowledge, there are no other movants for Lead Plaintiff with a larger financial interest.

Courts in this district tend to apply the "*Olsten-Lax*" factors to help determine which movant possesses the most substantial interest.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008); *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *In re Facebook IPO Sec. and Deriv. Litig.*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012) (using *Olsten-Lax* factors to evaluate which movant possessed largest financial interest); *In re Orion Sec. Litig.*, 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008) (same).  Specifically, courts consider: "(1) the number of shares purchased during the class period; (2) the [number of] net shares purchased during the class period; (3) the [total] net funds expended during the class period; and (4) the approximate losses suffered."  *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *4-5 (S.D.N.Y. May 24, 2016).  Courts view the fourth factor – the magnitude of the loss suffered – as the most important.  *Id.* (citing *In re Braskem S.A. Sec. Litig.*, 2015 WL 5244735, at *4 (S.D.N.Y. Sept. 8, 2015)).  However, the other three factors should not be overlooked as they "provide the most objective measurement of a movant's stake in the litigation because the fourth factor is heavily dependent on the method applied and numbers chosen to calculate losses."  *Silverberg v. DryShips Inc.*, 2018 WL 10669653, at *5 (E.D.N.Y. Aug. 21, 2018).

When considering the fourth factor, courts prefer to measure losses on a LIFO basis. *Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011); *Richman*, 274 F.R.D. at 476 (noting that courts in this district "have a very strong preference for the LIFO method in calculating loss"). The Retirement Funds have incurred LIFO losses of close to $900,000 as a direct result of Defendants' violations of the federal securities laws. To the best of the Retirement Funds' knowledge, no other investor has suffered greater losses. *See* Berger Decl., Exs. B, D.

The remaining *Olsten-Lax* factors also demonstrate that the Retirement Funds possess the largest financial interest in the case, as reflected in this chart:

| Movant | LIFO Loss | Class Period Share Purchases | Class Period Share Sales | Net Shares | Net Funds Expended |
|--------|-----------|------------------------------|--------------------------|------------|--------------------|
| Detroit P&F | $379,734 | 25,939 | 10,224 | 15,715 | $672,984 |
| OLERS | $513,715 | 28,657 | 7,752 | 20,905 | $955,997 |
| **TOTAL** | **$893,449** | **54,596** | **17,976** | **36,620** | **$1,628,981** |

The Retirement Funds expended substantial funds to acquire Argo stock, and retained a total of 36,620 shares during the Class Period. These facts, taken in combination with the Retirement Funds' LIFO losses of close to $900,000, demonstrate that the Retirement Funds have the largest financial interest and are thus the "most adequate plaintiff."

## 2. The Retirement Funds Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff movant must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Canson v. WebMD Health Corp.*, 2011 WL 5331712 at *2 (S.D.N.Y. Nov. 7, 2011). At this early stage of the litigation, a movant need only make a "preliminary showing that the adequacy and typicality

requirements under Rule 23 have been met." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)).  The Retirement Funds readily satisfy these requirements.

### a.    The Retirement Funds' Claims Are Typical

Rule 23(a)(3) requires the movant to demonstrate that its claims are typical of those of the class.  "Typicality is satisfied when the moving plaintiffs' injuries arose from the same course of conduct of the defendant that injured the other class members."  *Khunt*, 102 F. Supp. 3d at 539 (citing *Weinberg*, 216 F.R.D. at 253).  The Retirement Funds are typical because they seek to represent a class of similarly situated purchasers of Argo securities who also suffered losses as a direct result of Defendants' securities law violations.  Consistent with the PSLRA, the Retirement Funds' Certifications set forth their transactions in Argo common stock during the Class Period. *See* Berger Decl., Exs. A, C.  Because the Retirement Funds purchased Argo common stock during the Class Period, their claims arise from the same course of events as other Class members. Further, the Retirement Funds purchased Argo common stock in reliance on publicly available information.  The Retirement Funds will therefore make legal arguments that are applicable to the claims of other Class members when proving Defendants' liability.  Thus, the Retirement Funds' claims are typical of the claims of the Class.

### b.    The Retirement Funds Will Fairly and Adequately Protect the Interests of the Class

The Retirement Funds also satisfy the adequacy requirement of Rule 23.  Rule 23(a)(4) provides that a representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).  Adequacy is established when: "1) class counsel is qualified, experienced, and generally able to conduct the litigation; 2) the class members' interests are not antagonistic to one another; and 3) the movant has sufficient interest in the outcome of the case to ensure vigorous

advocacy." *In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017).

*First*, the Retirement Funds have chosen G&E to represent them as Lead Counsel.  G&E is a highly skilled and reputable firm with significant experience litigating securities cases and will advocate vigorously and zealously on behalf of the Class.  *See* Section IV, *infra*.

*Second*, the Retirement Funds do not have interests antagonistic to those of other Class members.

*Third*, the Retirement Funds will vigorously advocate on behalf of other class members as they possess the most substantial financial interest in the litigation.

### c.   The Retirement Funds Are the Type of Lead Plaintiff Envisioned by the PSLRA

Detroit P&F and OLERS are both sophisticated pension funds that collectively manage over $4 billion in assets.  They are precisely the type of institutional investors Congress sought to encourage to participate in securities class actions through the enactment of the PSLRA.  *See* H.R. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 73, 733; S. Rep. No. 104-98 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee believes that an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors").  These entities each made significant investments in Argo's common stock during the Class Period and collectively suffered losses of $893,449 using a LIFO calculation.  Appointing Detroit P&F and OLERS as Lead Plaintiff would further the PSLRA's goal of involving institutional investors in securities class actions.

Because the Retirement Funds filed a timely motion, have the largest financial interest in the relief sought by the Class, have claims that are typical of the Class, and will adequately

represent the Class, the Court should adopt the presumption that they are the "most adequate plaintiff" and appoint the Retirement Funds as Lead Plaintiff.

C.    **THE RETIREMENT FUNDS ARE AN APPROPRIATE "GROUP OF PERSONS" UNDER THE PSLRA**

The Retirement Funds comprise an appropriate "group of persons" to be appointed Lead Plaintiff under the PSLRA.  15 U.S.C. §78u-4(a)(3)(B)(iii) (establishing criteria to identify the "person or group of persons" presumed to be the "most adequate plaintiff").  Courts in the Second Circuit have often selected groups as Lead Plaintiffs.  *See, e.g.*, *Baron v. Talkspace, Inc.*, 2022 WL 1912255 (S.D.N.Y. June 3, 2022); *Crass v. Yalla Grp. Ltd.*, 2021 WL 5181008 (S.D.N.Y. Nov. 8, 2021); *Perez v. HEXO Corp.*, 2020 WL 905753 (S.D.N.Y. Feb. 25, 2020).  Detroit P&F and OLERS both oversee public pension funds and sustained substantial losses as a result of Defendants' alleged false and misleading statements.  *See* Berger Decl. Exs. A-D.

Appointing the Retirement Funds as Lead Plaintiff will both enable manageability and prevent the risk of the litigation being disrupted at a later point.  The group has only two members, and is thus discrete enough to allow for coordination of the management of the case, while also diverse enough to prevent the Class from being exposed to disruption later in the litigation.  *See Peters v. Jinkosolar Holding Co., Ltd.*, 2012 WL 946875, at *7 (S.D.N.Y. Mar. 19, 2012) ("[C]ourts appear to generally agree that a group comprising five or fewer members is appropriate.").  Moreover, electing a group of persons as Lead Plaintiff will provide the Class with the benefits of joint decision-making and joint funding and will enable plaintiffs to have more control over counsel.  *See In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 570 (S.D.N.Y. 2015) ("A co-lead plaintiff structure best protects the interests of the class; affords the class the benefit of combined resources to defray what may prove to be significant up-front

litigation costs; and gives the class the advantages of the combined knowledge, experience, and judgment of both lead plaintiffs.") (appointing two-member group as lead plaintiff).

Further, the Retirement Funds have discussed their respective roles in this litigation, should they be appointed Lead Plaintiff, with one another and with counsel.  Specifically, they are well aware of the responsibilities of a lead plaintiff, and have discussed the preparation and filing of this motion, as well as protocols for managing the litigation and resolving disputes between them. Berger Decl. Ex. E at ¶¶ 4, 7.  What's more, although no preexisting relationship between the parties is required by the PLSRA, the Retirement Funds do in fact have a pre-litigation relationship. *See In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018) (finding the two movants acceptable co-lead plaintiffs despite no pre-existing relationship because it was sufficient that they were "like-minded investors" who had joint calls to discuss litigation strategy). Detroit P&F and OLERS are currently serving together as additional lead plaintiff and co-lead plaintiff, respectively, in *Logan v. ProPetro Holding Corp. et al*, No. 7:19-cv-00217 (W.D. Tex.). Berger Decl. Ex. E at ¶¶ 2-3.  Thus, the Retirement Funds are an appropriate Lead Plaintiff group

There is nothing to suggest that the Retirement Funds or their counsel will not fairly and adequately represent the Class or that the Retirement Funds are subject to unique defenses.  This Court should appoint the Retirement Funds as Lead Plaintiff.

## IV.  THE COURT SHOULD APPROVE THE RETIREMENT FUNDS' SELECTION OF COUNSEL

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel to represent the class, subject to this Court's approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  Unless adverse to the interests of the class, a court should not interfere with a lead plaintiff's selection of counsel.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(a); *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) ("The PSLRA evidences a strong presumption in favor

of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention") (internal quotations and citations omitted).  The Retirement Funds have selected G&E to serve as Lead Counsel in this case.

G&E is among the most-respected securities class action law firms in the country and has served as lead counsel in several of the largest securities class actions in history, including: *In re Tyco Int'l Ltd. Sec. Litig.*, No. 02-cv-1335 (D.N.H.) ($3.2 billion recovery); *In re Pfizer Inc. Sec. Litig.*, No. 1:04-cv-9866 (S.D.N.Y.) ($486 million recovery); *In re Global Crossing, Ltd. Sec. Litig.*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Marsh & McLennan Cos. Sec. Litig.*, MDL No. 1744 (S.D.N.Y.) ($400 million recovery); *In re Refco, Inc., Sec. Litig.*, No. 05-cv-8626 (S.D.N.Y.) ($367 million recovery); *In re GM Corp. Sec. Litig.*, MDL No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Sec. Litig.*, MDL No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery).  *See* Berger Decl. Ex. G (G&E firm resume).

Because G&E has the necessary experience and distinguished track record as counsel in securities class actions, this Court should approve the Retirement Funds' selection of G&E as Lead Counsel.

## V.   CONCLUSION

For the foregoing reasons, the Retirement Funds respectfully request that this Court (i) appoint the Retirement Funds as Lead Plaintiff; (ii) approve their selection of G&E as Lead Counsel for the Class; and (iii) grant any other relief that the Court may deem just and proper.

Dated: New York, New York
December 19, 2022

Respectfully submitted,

/s/ *Daniel L. Berger*

Daniel L. Berger
Karin E. Fisch
Vincent J. Pontrello
GRANT & EISENHOFER P.A.
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger @gelaw.com
Email: kfisch@gelaw.com
Email: vpontrello@gelaw.com

*Counsel for the Police & Fire Retirement*
*System City of Detroit and Oklahoma Law*
*Enforcement Retirement System, and*
*Proposed Lead Counsel for the Class*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2022, I caused the foregoing to be filed electronically with the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Notice of those filings was sent to all parties of record by operation of the Notice of Electronic Filing System, and the parties to this action may access the filings through CM/ECF.

*/s/ Daniel L. Berger*

Daniel L. Berger